IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RAYMOND MATHIS, #140252, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | CASE NO. 1:08-CV-609-MHT |
| ) | [WO] |
| ) | |
| JUDGE HENRY D. (BUTCH) BINFORD, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Raymond Mathis ["Mathis"], an indigent inmate and frequent litigant in this court, challenges the constitutionality of actions undertaken with respect to several charges of third degree burglary pending against him before the Circuit Court of Houston County, Alabama. Mathis names Henry D. (Butch) Binford, the judge presiding over the pending state criminal proceedings, and Matthew Lamere, the attorney appointed to represent in such proceedings, as defendants in this cause of action. Mathis seeks declaratory relief and monetary damages.

Upon thorough review of the instant complaint, the court concludes that this case is due to be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

# I. DISCUSSION

## A. The Pending Criminal Charges and Related Actions

Mathis asserts that Judge Binford denied various motions filed in the criminal cases pending before the state court and refused to reduce his bond. Mathis further agues that Matthew Lamere refused to file requested motions. Mathis also asserts that the charges pending against him constitute malicious prosecution. These claims provide no basis for relief in this cause of action.

1. <u>The Request for Monetary Damages Against Judge Binford</u>. It is clear that all of the allegations made by the plaintiff against Judge Binford emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he has jurisdiction. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).[2] Accordingly, the plaintiff's claims for monetary damages against Judge Binford are "based on an indisputably meritless legal theory" and are therefore due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3]

---

[2] Mathis makes the conclusory assertion that "Judge Henry D. (Butch) Binford was not, nor has not been voted in, he was appointed in, therefore he is not immune." *Plaintiff's Complaint - Court Doc. No. 1* at 1. This assertion, however, is without merit as applicable case law does not base judicial immunity on the manner in which a judge ascends to the bench.

[3] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

2. <u>Declaratory and Injunctive Relief from Pending Criminal Charges</u>. Mathis argues there is no valid basis for the criminal charges pending against him as such charges are the result of malicious prosecution due to his prior and extensive criminal history. Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Mathis has an adequate remedy at law because he may pursue any of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Specifically, Mathis can seek reconsideration of and/or appeal any adverse decision issued by the trial court. He may also attack the constitutionality of the prosecution throughout the on-going state criminal proceedings, including post-conviction proceedings. Moreover, the plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that Mathis must endure state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must therefore abstain from considering the merits of Mathis' claims which challenge the constitutionality of the criminal charges pending against him and the actions of the trial court regarding these charges as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time. *Id*. at

43-44. Consequently, summary dismissal of these claims is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

    3.  <u>Appointed Attorney Matthew Lamere</u>.  Mathis complains that despite several requests his attorney refused to file motions in the pending criminal cases.  An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation.  *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.... [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948))....  [Consequently,] state action requires ***both*** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," ***and*** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985 (footnote omitted) (emphasis in original).

The law is well settled that an attorney who represents a defendant in criminal proceedings does not act under color of state law.  *Polk County v. Dodson*, 454 U.S. 312

(1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."). Since the conduct about which Mathis complains was not committed by a person acting under color of state law, the § 1983 claims asserted against Matthew Lamere are frivolous as they lack an arguable basis in law. *Neitzke*, 490 U.S. at 327. Such claims are therefore due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### B. The Conspiracy Claim

Mathis makes the specious allegation that the defendants have violated his constitutional rights in the pending state criminal actions "by ... conspiring together due to the long term personal friendship they have shared...." *Plaintiff's Complaint - Court Doc. No. 1* at 2. "Conspiring to violate another person's constitutional rights violates section 1983. *Dennis v. Sparks,* 449 U.S. 24, 27 101 S.Ct. 183, 186 (1980); *Strength v. Hubert,* 854 F.2d 421, 425 (11th Cir.1988), *overruled in part on other grounds by Whiting v. Traylor,* 85 F.3d 581, 584 n.4 (11th Cir.1996)." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th 2002). However, a conspiracy claim justifiably may be dismissed because of the conclusory, vague, and general nature of the allegation. *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984).

The court has carefully reviewed the plaintiff's complaint. At best, the assertion made by Mathis is a self-serving, purely conclusory allegation that fails to assert those

material facts necessary to set forth a conspiracy between the defendants. *Bailey v. Board of County Comm'rs of Alachua County*, 956 F.2d 1112, 1122 (11th Cir.), *cert. denied,* 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 58 (1992) (To proceed on 42 U.S.C. § 1983 conspiracy claim, a plaintiff must, at the least, indicate "'that the parties "reached an understanding" to deny the plaintiff his ... rights [and] prove an actionable wrong to support the conspiracy.' *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir.1990), *cert. denied,* 500 U.S. 932, 111 S.Ct. 2053, 114 L.Ed.2d 459 (1991).... [T]he linchpin for conspiracy is agreement ..."); *Strength*, 854 F.2d at 425 (to properly state a claim for relief based on a conspiracy between private individuals and state actors, a plaintiff must properly plead that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing contacts and agreement between private persons and state actors which could prove that these parties "reached an understanding" to violate plaintiff's rights, is insufficient to sustain a conspiracy claim). Other than his bare statement regarding the defendants "conspiring" against him, Mathis presents nothing, nor can this court countenance the existence of any evidence, that the defendants reached an understanding and committed an actionable wrong which deprived Mathis of his constitutional rights in the criminal proceedings pending before the Circuit Court of Houston County, Alabama. In light of the foregoing, the court concludes that the plaintiff's bare allegation of a conspiracy is insufficient to support a claim for relief under 42 U.S.C.

§ 1983.  *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against Judge Henry D. (Butch) Binford be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

2.  The plaintiff's claims against Matthew Lamere be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

3.  The plaintiff's conspiracy claim be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

4.  The plaintiff's challenges to the constitutionality of the criminal charges pending against him before the Circuit Court of Houston County, Alabama be dismissed without prejudice under the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time.

5.  This case be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before August 12, 2008 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of July, 2008.


    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE